UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLENN TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00496-TWP-CSW |
| | ) |
| TREXIS INSURANCE CORPORATION, | ) |
| CAPITAL ONE N.A., | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING MOTION TO REMAND

This matter is before the Court on Plaintiff Glenn Taylor's ("Mr. Taylor") Motion to Remand Case to Marion Superior Court (Filing No. 9). Mr. Taylor initiated this action in state court against Defendants Trexis Insurance Corporation ("Trexis") and Capital One N.A. ("Capital One") (together, "Defendants"). Capital One removed this case based on diversity of citizenship. Mr. Taylor then filed the instant Motion to Remand, arguing that he and Trexis are not diverse. For the following reasons, Mr. Taylor's Motion to Remand is **denied**.

### I.     BACKGROUND

On February 11, 2025, Mr. Taylor initiated this action against Defendants in the Marion Superior Court (Filing No. 1-1). He alleges that in April 2023, his vehicle was stolen. *Id.* at 3. The vehicle was later recovered, but its engine and transmission were missing. *Id.* Mr. Taylor made a claim with his insurer, Trexis. Trexis took possession of the vehicle but denied Mr. Taylor's claim. *Id.* at 4. After the theft, Mr. Taylor continued making payments to the vehicle's lienholder, Capital One. According to the Complaint, Capital One was aware of the theft and the missing engine and transmission, but it failed to protect its interest in the vehicle by making a claim with Trexis or

recovering the vehicle. *Id.* at 5. Mr. Taylor asserts claims for breach of contract and failure to deal in good faith against both Defendants.

On March 14, 2025, Capital One removed this action to this federal Court on the basis of diversity jurisdiction (Filing No. 1). The Notice of Removal alleges that Capital One is a citizen of Virginia, since its main office is in Virginia; that Trexis is a citizen of Tennessee, which is the state of Trexis's incorporation and where it maintains its principal place of business; and that Mr. Taylor is a citizen of Indiana. *Id.* at 3–4. On March 20, 2025, Mr. Taylor filed his Motion to Remand. Defendants filed their responses on April 3, 2025 (Filing No. 14; Filing No. 15). Mr. Taylor did not file a reply, and the time to do so has passed. S.D. Ind. L.R. 7-1(c)(3). The Motion to Remand is now ripe for the Court's review.

## II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." *Id.* § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### III.    DISCUSSION

Mr. Taylor argues that complete diversity is not present pursuant to 28 U.S.C. § 1332(c)(1), which provides that for purposes of diversity:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen . . . .*

28 U.S.C. § 1332(c)(1)(A) (emphasis added). Mr. Taylor contends that this action is a "direct action" against Trexis to which the insured, Mr. Taylor, is not joined as a defendant, so Trexis is deemed a citizen of Indiana (Filing No. 9 at 2). Defendants respond that "direct action" means an action by a plaintiff against a tortfeasor's/insured's insurer, rather than the tortfeasor/insured himself, and does not include actions like this one, where the plaintiff sues his own insurer (Filing No. 14 at 3; Filing No. 15 at 2–3).

The Court agrees with Defendants. "The Seventh Circuit has stated [that § 1332(c)(1)] is 'a special rule for insurers in "direct actions"—that is, cases in which a person with a claim against the insured sues the insurer directly.'" *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 n.1 (7th Cir. 2008) (quoting *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998)). "[A] case of the insured suing the insurer," like this case, "is not a direct action." *Id.*; *see Hyland v. Liberty Mut. Fire Ins. Co.*, 885 F.3d 482, 484 (7th Cir. 2018); *Bachman v. AMCO Ins. Co.*, 897 F. Supp. 2d 780, 784 n.4 (N.D. Ind. 2012).

Under binding Seventh Circuit precedent, this action by Mr. Taylor, the insured, against Trexis, his own insurer, is not a "direct action" under § 1332(c)(1). Trexis is therefore not deemed a citizen of Indiana, and complete diversity exists. This Court does have subject matter jurisdiction over this action, and Mr. Taylor's Motion to Remand is **denied**.

### IV.    CONCLUSION

For the reasons stated above, Mr. Taylor's Motion to Remand (Filing No. 9) is **DENIED**.

**SO ORDERED**.

Date:    5/30/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Michael Gill
Lancaster Gill PC
scott@lancastergill.com

Cameron S. Huffman
Kopka Pinkus Dolin, P.C.
cshuffman@kopkalaw.com

Harvey Lancaster, Jr
Lancaster Gill, PC
harvey@lancastergill.com

Olivia Lawless
Pilgrim Christakis LLP
olawless@pilgrimchristakis.com

Jeffrey D. Pilgrim
Pilgrim Christakis LLP
jpilgrim@pilgrimchristakis.com

Leslie B. Pollie
Kopka Pinkus Dolin, P.C.
lbpollie@kopkalaw.com