UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLENN TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00496-TWP-CSW |
| | ) |
| TREXIS INSURANCE CORPORATION, | ) |
| CAPITAL ONE N.A., | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING PLAINTIFF'S SECOND MOTION TO REMAND

This matter is before the Court on Plaintiff Glenn Taylor's ("Mr. Taylor") second Motion to Remand (Filing No. 39). Mr. Taylor initiated this action in state court against Defendants Trexis Insurance Corporation ("Trexis") and Capital One N.A. ("Capital One") (together, "Defendants"). Capital One removed this case on the basis of diversity of citizenship. Mr. Taylor now moves to remand this case back to state court, arguing that his damages do not exceed $75,000.00. For the following reasons, the Motion to Remand is **denied**.

### I.   BACKGROUND

The dispute between Mr. Taylor, Trexis (his insurer), and Capital One (his vehicle's lienholder) arose after Mr. Taylor's vehicle was stolen and recovered without an engine or transmission (Filing No. 1-1 at 3). The details of Mr. Taylor's claims are summarized in the Court's Order denying his first motion to remand (Filing No. 19), so the Court will not reiterate them here.

Mr. Taylor initiated this action in state court by filing his Complaint seeking $250,000.00 (Filing No. 1-1 at 8). In March 2025, Capital One removed the action to this Court on the basis of diversity jurisdiction (Filing No. 1). Shortly thereafter, Mr. Taylor filed a motion to remand based on a lack of complete diversity, which the Court denied (Filing No. 19). Mr. Taylor then filed his

First Amended Complaint, again seeking $250,000.00 (Filing No. 25). The parties also filed a Joint Proposed Case Management Plan, which states that the amount in controversy exceeds $75,000.00 (Filing No. 30), and a joint Notice of Jurisdiction, which states that the demand in the First Amended Complaint satisfies the amount-in-controversy requirement (Filing No. 32). On December 8, 2025, nearly nine months after removal, Mr. Taylor filed this second Motion to Remand, arguing for the first time that his damages do not exceed $75,000.00 (Filing No. 39). The second Motion to Remand is now ripe for the Court's review.

## II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## III.   DISCUSSION

To invoke diversity jurisdiction, a party must establish complete diversity of citizenship and that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs." 28 U.S.C. § 1332(a). The parties have established their complete diversity of citizenship; at issue here is whether the amount in controversy exceeds $75,000.00.

Mr. Taylor argues that remand is required because a recent "review of relevant documentation" has revealed that "his damages are $69,863.81." (Filing No. 39 at 2). Defendants respond that Mr. Taylor's original demand of $250,000.00 satisfied the jurisdictional threshold, and that Mr. Taylor cannot defeat jurisdiction by simply reducing his demand (Filing No. 42 at 2). Defendants support their position with numerous cases from the United States Supreme Court, Seventh Circuit Court of Appeals, and several district courts, all holding that post-removal disclaimers regarding damages do not deprive federal courts of jurisdiction. *Id.* at 2–3.

On reply, Mr. Taylor asserts that under 28 U.S.C. § 1447(c), a district court must remand a case if at any time it appears that the court lacks subject-matter jurisdiction, and under *Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224 (2007), a case may be remanded for a lack of subject-matter jurisdiction even if it was properly removed (Filing No. 43 at 2). Mr. Taylor's reliance on § 1447(c) and *Powerex* is misplaced. In *Powerex*, the Supreme Court only held that a district court *may* lose subject-matter jurisdiction over a case despite proper removal. *Id.* at 232 n.1. Importantly, the Court "d[id] not suggest that the question whether removal is proper is always different from the question whether the district court has subject-matter jurisdiction, *for the two are often identical in light of the general rule that postremoval events do not deprive federal courts of subject-matter jurisdiction*." *Id.* (emphasis added).

Accordingly, *Powerex* does not overrule or abrogate the holdings of "[b]oth the United States Supreme Court and the Seventh Circuit . . . [that] post-removal stipulations 'do not oust jurisdiction' because jurisdiction is determined as of the time the case is removed to federal court." *McCall v. Emerson Appliance Controls*, No. 06-cv-752, 2007 WL 2020177, at *1 (S.D. Ind. July

5, 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). Post-*Powerex* decisions from the Seventh Circuit and other federal courts confirm as much. *E.g.*, *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) ("Our conclusion vindicates the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed, such as a change in the state of which a party is a citizen that destroys diversity."); *Barron v. Wal-Mart Stores, Inc.*, No. CV15-3616, 2016 WL 11759648, at *7 (C.D. Cal. Apr. 21, 2016) (explaining that *Powerex* does not abrogate *St. Paul*; citing cases); *Long v. State Farm Ins.*, No. 13-cv-786, 2015 WL 6391221, at *1–2 (S.D. Oh. Oct. 22, 2015) (same).

Mr. Taylor's original demand for $250,000.00 established federal jurisdiction. He cannot destroy that jurisdiction by now conceding that the evidence only supports a lesser award. To defeat removal at this stage, Mr. Taylor must show to a "legal certainty" that he could not recover more than $75,000.00. *St. Paul*, 303 U.S. at 288–89. Mr. Taylor has not proven (or argued) that the law forecloses recovery over $75,000.00. *See Blomberg v. Serv. Corp. Int'l*, 639 F.34d 761, 764 (7th Cir. 2011) (reversing order granting remand; "The plaintiffs did not attempt to demonstrate that it was legally impossible for them to recover that amount."); *see Majchrzak v. Gap, Inc.*, No. 17-cv-6604, 2018 WL 2220292, at *5 (N.D. Ill. May 15, 2018) (denying motion to remand; finding that plaintiff's offer to cap damages did not deprive court of jurisdiction and that plaintiff failed to prove to a legal certainty that damages could not exceed jurisdictional bar).

Mr. Taylor's post-removal damages estimation does not destroy subject-matter jurisdiction, and Mr. Taylor's request for remand is therefore **denied**.

## IV.  CONCLUSION

For the reasons stated above, Mr. Taylor's second Motion to Remand (Filing No. 39) is **DENIED**. **The Clerk is directed** to correct the docket text to reflect that Dkt. [39] is Mr. Taylor's second Motion to Remand.

**SO ORDERED**.

Date:  1/23/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Michael Gill
Lancaster Gill PC
scott@lancastergill.com

Cameron S. Huffman
Kopka Pinkus Dolin, P.C.
cshuffman@kopkalaw.com

Harvey Lancaster, Jr
Lancaster Gill, PC
harvey@lancastergill.com

Olivia Lawless
Pilgrim Christakis LLP
olawless@pilgrimchristakis.com

Jeffrey D. Pilgrim
Pilgrim Christakis LLP
jpilgrim@pilgrimchristakis.com

Leslie B. Pollie
Kopka Pinkus Dolin, P.C.
lbpollie@kopkalaw.com

Nathaniel T. Spilman
Pilgrim Christakis LLP
nspilman@pilgrimchristakis.com